**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN W. BEAKLEY, JR.** | § | |
|     **PETITIONER** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | **CIVIL ACTION NO. 3:13-CV-4502** |
| **INTERNAL REVENUE SERVICE; IRS** | § | |
| **REVENUE OFFICER MANDELA R.** | § | |
| **RIVEROS;** AND **COLLECTION** | § | |
| **GROUP MANAGER RICHARD** | § | |
| **CHRISTIAN** | § | |
|     **RESPONDENTS** | § | |

---

**PETITION TO QUASH ADMINISTRATIVE SUMMONS**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** John W. Beakley, Jr., Petitioner herein, a resident of Dallas County, Texas, and files this Petition to Quash Administrative Summons issued to Jeremy C. Anderson, President of Jeremy C. Anderson, P.C. and George E. Bowles, Partner at Locke Lord, LLP and shows the Court as follows:

## I.    INTRODUCTION

    1.    On or about November 6, 2013, Mandala R. Riveros, a revenue officer with the Internal Revenue Service, hand delivered what purported to be a Summons to Jeremy C. Anderson of Jeremy C. Anderson, P.C. (the "JCA Summons"). A copy of the JCA Summons is attached hereto as **Exhibit "A"**.

    2.    On or about November 7, 2013, Ms. Riveros hand delivered what purported to be a Summons to George E. Bowles of Locke Lord, LLP (the "GEB Summons"). A copy of the GEB Summons is attached hereto as **Exhibit "B"**. Additionally, Mr. Bowles received the "Notice of Levy" attached hereto as **Exhibit "C"** alleging that Petitioner owes over $197,000.00 to the IRS.

3.      Both summons requested testimony and documents related to the potential settlement of a pending state court lawsuit in Dallas County, Texas [Cause No. DC-13-08705] wherein Petitioner and five (5) other plaintiffs brought certain claims against four (4) defendants represented by Mr. Bowles. The parties in that lawsuit had reached a mutual resolution and executed an agreement memorializing that resolution that included a confidentiality provision precluding any party to the agreement from disclosing facts related to the resolution including party names and the amount of settlement with certain exceptions. On or about November 6, 2013, Ms. Riveros made contact with one of the defendants without notice to the Petitioner with the intent to gather information regarding the potential settlement and improperly levy funds belonging to third parties not legally subject to IRS levy. Disclosure of the confidential information to Ms. Riveros was not within any exception to the agreement unless by court order or written consent of the other parties. The subsequent summons resulted from the ex parte communication(s) with the defendants in violation of the Internal Revenue Code notice requirements and the signed confidentiality agreement, were sought in furtherance of Ms. Riveros' continued harassment of the Petitioner and his family (several of whom were the other named plaintiffs in the state court action), and in an attempt to improperly assert control over settlement proceeds not subject to any legally enforceable tax levy of third party funds.

## II.      JURISDICTION

4.      This Court has jurisdiction to consider this matter raised by Petitioner because he is a person entitled to receive notice of a summons.[1]

5.      This Court has jurisdiction to hear this matter because Petitioner brought this matter before the Court within twenty (20) days after receipt of actual notice of the summons. Though Ms. Riveros failed to provide any notice of the service of either summons as required under Sec.

_____

[1] 26 U.S.C.A. § 7609(b)(2)(A).

7602(c)(1),[2] Petitioner received copies of the summons from the summoned parties and timely filed this Petition under Sec. 7609(b)(2)(A).[3]

6.      Both summoned parties reside or may be found within the boundaries of this district.

## III.    PARTIES

7.      Petitioner, John W. Beakley, Jr. is a resident of Dallas, Dallas County, Texas.

8.      Respondent, Internal Revenue Service may be served by certified mail to: 1) the U.S. Attorney for the Northern District of Texas located at 1100 Commerce Street, Third Floor, Dallas, Texas 75242; and 2) the U.S. Attorney General located at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

9.      Respondent, Mandala Riveros may be served by certified mail to her office located at 4050 Alpha Road, MS 5115 NDAL, Farmers Branch, Texas 75244.

10.     Respondent, Richard Christian may be served by certified mail to his office located at 4050 Alpha Road, MS 5115 NDAL, Farmers Branch, Texas 75244.

## IV.    DISCUSSION

11.     A proper administrative summons must meet four elements: 1) it is issued for a legitimate purpose; 2) it seeks information that may be relevant to that purpose; 3) it seeks information that is not already within the IRS's possession; and 4) satisfies all administrative steps required by the Internal Revenue Code ("I.R.C.").[4]

12.     A taxpayer may "challenge the summons on *any* appropriate ground."[5] The court is faced with the task of balancing the interests of the taxpayer and the Government.[6] "On the one hand is the Government's interest in summary proceedings designed to expedite tax collection. On

---

[2] 26 U.S.C.A. § 7602(c)(1).
[3] 26 U.S.C.A. § 7609(b)(2)(A).
[4] *United States v. Powell*, 379 U.S. 48 (1964).
[5] *See id.* at 58*; see also United States v. Freedom Church*, 613 F.2d 316, 319 (1st Cir. 1979)(emphasis added).
[6] Dept. of Justice, Tax Div., <u>Summons Enforcement Manual</u>, at 31 (updated July 2011).

the other hand is the taxpayer's right to protection from the improper use of the Internal Revenue Service's summons powers."[7]

13.    In granting a motion to quash, the Northern District of Texas, Dallas Division Court noted that an appropriate ground is where enforcement would be an abuse of the court's process.[8] Such an abuse of process would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or "for any other purpose reflecting on the good faith of the particular investigation."[9] The *Powell* Court noted that these grounds aren't exhaustive and that the parameters of abuse of process must remain flexible in order to prevent agency abuse of congressional authority and judicial process.[10]

14.    Throughout the course of her "investigation", Ms. Riveros has followed a pattern of abuse, noncompliance with procedural regulations, guidelines and safeguards protecting taxpayer's rights, and harassment. For example, she has made a habit of contacting third parties during the course of her "investigation" without notice to the taxpayer, without his consent, and in most cases, without his knowledge in violation of several provisions of the I.R.C. Most notably, Sec. 7602 specifically states, "[a]n officer or employee of the Internal Revenue Service *may not* contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer *without* providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.[11]

15.    Ms. Riveros' abuse and failure to follow the administrative steps is further illustrated by her failure to provide the minimum notice period as **required** by the I.R.C. for third-party summons. In Sec. 7609(a), Ms. Riveros is required to give notice of the summons at least 23 days

---

[7] *U.S. v. Stuckey*, 646 F.2d 1369, 1373 (9th Cir. 1981).
[8] *U.S. v. Caltex Petroleum Corp.*, 12 F.Supp.2d 545 (N.D. Tex. 1998).
[9] *See Powell*, 379 U.S. at 58.
[10] *Id.*
[11] 26 U.S.C.A. § 7602(c)(1).

"before the day fixed in the summons as the day upon which such records are to be examined."[12] Both the JCA Summons and the GEB Summons were issued on or about the 6th of November, 2013, and required compliance on the 18th of November, 2013, allowing only 12 days without taking into account a delay in service. In both cases, proper notice was not provided. Yet again, Ms. Riveros failed to follow the administrative requirements for a proper third-party summons, further illustrating the continual and habitual abuse and harassment as well as the intentional malignance or mere ignorance of the proper I.R.C. procedures. Nevertheless, any examination of the summoned records is hereby stayed according to the I.R.C.:

> No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--
> (1) before the close of of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
> (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, accept in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.[13]

16.    Additionally, based on information and belief, the disclosures made to Ms. Riveros during her illegal contact with one or more of the defendants (made without the knowledge and consent of their legal counsel) in the state court litigation violated the confidentiality provision of the parties' settlement agreement, a fact Ms. Riveros knew or reasonably should have known, subjecting the defendants to potential litigation. Such actions evince Ms. Riveros', and therefore the government's, bad faith acts in the course of conducting the "investigation".

---

[12] 26 U.S.C.A. § 7609(a).
[13] 26 U.S.C.A. § 7609(d).

17.     Lastly, the summons is an attempt to harass and further an illegitimate purpose by gathering information to support the improper levy of settlement proceeds that belong to the other five (5) plaintiffs in the state court action. In both summons, Ms. Riveros refers to the state court case by number and style, and is aware that five of the six plaintiffs in that lawsuit are not subject to any tax liens and their property cannot legally be levied by the IRS. However, Ms. Riveros issued the notice of intent to levy nearly $200,000.00 to capture any settlement proceeds up to that amount, without discretion as to whether the IRS or the taxpayer is entitled to that amount.

18.     In Conclusion, Ms. Riveros has abused the I.R.C. administrative summons procedure by failing to follow the administrative steps as set forth in the I.R.C., and by her continued abuse and harassment of the taxpayer and his family in order to illegally confiscate non-taxpayer funds and force Petitioner to settle a collateral dispute.

WHEREFORE, PREMISES CONSIDERED, John W. Beakley respectfully prays as follows:

A.  That this Court enter an order quashing the administrative summons issued by the IRS;

B.  That Petitioner recover its costs incurred in maintaining this proceeding; and

C.  That the Court grant such other and further relief as the Court deems proper or justice may require.

Respectfully submitted,

**JEREMY C. ANDERSON, P.C.**

By:___s/ Jeremy C. Anderson___
        Jeremy C. Anderson
        Texas Bar No. 24053675
        3400 Carlisle St., Ste 200
        Dallas, Texas 75204
        Tel. (972) 764-8400
        Fax. (972) 764-8401
        jeremy@jcandersonlaw.com
**COUNSEL FOR PETITIONER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 11, 2013, I sent copies of this petition to the following

recipients via CMRRR:

U.S. Attorney for the Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, TX 75242

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Mandala Riveros
4050 Alpha Road
MS 5115 NDAL
Farmers Branch, TX 75244

Richard Christian
4050 Alpha Road
MS 5115 NDAL
Farmers Branch, TX 75244

  **/S/ Jeremy C. Anderson_____**
Jeremy C. Anderson

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John W. Beakley, Jr.

**DEFENDANTS**

Internal Revenue Service
Mandala R. Riveros
Richard Christian

**(b)** County of Residence of First Listed Plaintiff   Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy C. Anderson, P.C.
3400 Carlisle St, Ste 200
Dallas, Texas 75204

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
       Plaintiff

☐ 3 Federal Question
       *(U.S. Government Not a Party)*

☒ 2 U.S. Government
       Defendant

☐ 4 Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | **PERSONAL INJURY** | | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | ☐ 365 Personal Injury - | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 367 Health Care/ | ☐ 830 Patent | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Pharmaceutical | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Personal Injury | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | Product Liability | **LABOR** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Injury Product | Act | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 370 Other Fraud | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | ☐ 371 Truth in Lending | Leave Act | ☐ 865 RSI (405(g)) | Act |
| | Med. Malpractice | ☐ 380 Other Personal | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Property Damage | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 385 Property Damage | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Product Liability | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | | ☒ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 510 Motions to Vacate | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | Sentence | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | **Habeas Corpus:** | | | |
| | Employment | ☐ 530 General | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | Other | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | Alien Detainee | | |
| | | ☐ 555 Prison Condition | (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - | ☐ 465 Other Immigration | | |
| | | Conditions of | Actions | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
       Proceeding

☐ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       another district
       *(specify)*

☐ 6 Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
25 U.S.C.A. 7609

Brief description of cause:
Petition to Quash Administrative Summons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*    JUDGE                                DOCKET NUMBER

DATE                                     SIGNATURE OF ATTORNEY OF RECORD
11/11/2013                               /s/ Jeremy C. Anderson

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN W. BEAKLEY, JR.** | § | |
|    PETITIONER | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | **CIVIL ACTION NO. 13-4502** |
| **INTERNAL REVENUE SERVICE; IRS** | § | |
| **REVENUE OFFICER MANDELA R.** | § | |
| **RIVEROS;** AND COLLECTION | § | |
| **GROUP MANAGER RICHARD** | § | |
| **CHRISTIAN** | § | |
|    RESPONDENTS | § | |

---

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(3)(D), and LR 81.2,

Plaintiff: John W. Beakley, Jr.

Defendants:

1) The Internal Revenue Service

2) Mandala R. Riveros

3) Richard Christian

Respectfully submitted,

**JEREMY C. ANDERSON, P.C.**

By:    s/ Jeremy C. Anderson
     Jeremy C. Anderson
     Texas Bar No. 24053675
     3400 Carlisle St., Ste 200
     Dallas, Texas 75204
     Tel. (972) 764-8400
     Fax. (972) 764-8401
     jeremy@jcandersonlaw.com
     **COUNSEL FOR PETITIONER**

# EXHIBIT

# A



# Summons

In the matter of _John William Beakley, Jr._

Internal Revenue Service (Division): **Small Business / Self Employed**

Industry/Area (name or number): **Small Business / Self Employed - Area 25**

Periods:   **IRC Section 6672 Civil Penalty for Quarters Ending December 31, 2008 and December 31, 2009**

## The Commissioner of Internal Revenue

To:   _Jeremy C. Anderson, President, Jeremy C. Anderson PC_

At:   _3400 Carlisle St., Dallas TX 75204_

You are hereby summoned and required to appear before MANDALA R RIVEROS, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1. Copy of Settlement Agreement in Case No. DC-13-08705, John W. Beakley vs. Vasari, LLC et. al.
2. Evidence regarding any payment or remittance received and/or made under the above referenced agreement.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____          **REVENUE OFFICER, 1000218648**
Signature of IRS Official Serving the Summons                         Title

## Business address and telephone number of IRS officer before whom you are to appear:

 4050 ALPHA RD, MS 5115 NDAL, FARMERS BRANCH, TX 75244-4201 - (972)308-7868

## Place and time for appearance at:   4050 ALPHA RD, MS 5115 NDAL, FARMERS BRANCH, TX 75244-4201

# IRS

**Department of the Treasury
Internal Revenue Service**

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the _18th_ day of _November_ , _2013_ at _10:00_ o'clock _A_ m.

Issued under authority of the Internal Revenue Code this _6th_ day of _November_____, _2013_

_MANDALA R RIVEROS_ _____          REVENUE OFFICER
                          Signature of Issuing Officer                                           Title

_____
Signature of Approving Officer (if applicable)          **Collection Group Manager**
                                                                                Title

**Part A -- to be given to person summoned**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.—

(1) General Notice.—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts.—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions.—This subsection shall not apply—

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.—

(1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect.—For purposes of this subsection—

(A) In general.—A Justice Department referral is in effect with respect to any person if—

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—

(i) the Attorney General notifies the Secretary, in writing, that—

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub-paragraph (A)(ii).

(3) Taxable years, etc., treated separately.—For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination of unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)—Gasoline used on farms; sec. 6421(g)(2)—Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)—Fuels not used for taxable purposes.

* * * * *

## Sec. 7603. Service of summons

(a) In general.—A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.—

(1) In general.—A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party recordkeeper.—For purposes of paragraph (1), the term *third-party recordkeeper* means—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

* * * * *

## Sec. 7605. Time and place of examination

(a) Time and place.—The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

* * * * *

## Sec. 7610. Fees and costs for witnesses

(a) In general.—The Secretary shall by regulations establish the rates and conditions under which payment may be made of—

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.—No payment may be made under paragraph (2) of subsection (a) if—

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602 , 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 10-2010)

* * * * *

## Sec. 7609. Special procedures for third-party summons.

(a) Notice--

(1) In general.--If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.  Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
(2) Sufficiency of notice.--Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned.  If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
(3) Nature of summons.--Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.--

(1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right intervene in any proceeding with respect to the enforcement of such summons under section 7604.
(2) Proceeding to quash.--
(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
(B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
(C) Intervention, etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.--

(1) In general.--Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7612.
(2) Exceptions.--This section shall not apply to any summons
(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
(D) issued in aid of the collection of--
(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or
(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).
(E)-- (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or
(3) John Doe and Certain Other Summonses. -- Subsection (a) shall not apply to any summons described in subsection (f) or (g).
(4) Records.-- For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records.--No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.--

(1) Subsection (b) action.--If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
(2) Suspension after 6 months of service of summons.--In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period--
(A) beginning on the date which is 6 months after the service of such summons, and
(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons.--

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that--
(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.--

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc.--

(1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
(2) Special rule for proceedings under subsections (f) and (g).--The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party.--

(1) Recordkeeper must assemble records and be prepared to produce records.  On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
(2) Secretary may give summoned party certificate.--The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
(3) Protection for summoned party who discloses.--Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
(4) Notice of suspension of statute of limitations in the case of a John Doe summons.--In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required.--

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by section 7601 and 7602.

# EXHIBIT

# B



# Summons

In the matter of  __John William Beakley, Jr.__

Internal Revenue Service (Division): __Small Business / Self Employed__

Industry/Area (name or number): __Small Business / Self Employed - Area 25__

Periods:   __IRC Section 6672 Civil Penalty for Quarters Ending December 31, 2008 and December 31, 2009__

## The Commissioner of Internal Revenue

To:   __George E. Bowles, Partner, Locke Lord LLP__

At:   __2200 Ross Avenue, Dallas, TX 75201-6776__

You are hereby summoned and required to appear before MANDALA R RIVEROS, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1. Copy of Settlement Agreement in Case No. DC-13-08705, John W. Beakley vs. Vasari, LLC et. al.
2. Evidence regarding any payment or remittance made under the above referenced agreement.

## Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

_____       __REVENUE OFFICER, 1000218648__
Signature of IRS Official Serving the Summons                      Title

**Business address and telephone number of IRS officer before whom you are to appear:**

 4050 ALPHA RD, MS 5115 NDAL, FARMERS BRANCH, TX 75244-4201 - (972)308-7868

**Place and time for appearance at:**   4050 ALPHA RD, MS 5115 NDAL, FARMERS BRANCH, TX 75244-4201

**IRS**
Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  18th  day of  November  ,  2013  at  10:00  o'clock  A  m.

Issued under authority of the Internal Revenue Code this  6th  day of  November  ,  2013

__MANDALA R RIVEROS__                              __REVENUE OFFICER__
Signature of Issuing Officer                                        Title

_____       __Collection Group Manager__
Signature of Approving Officer (if applicable)                    Title

**Part A – to be given to person summoned**



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.—

(1) General Notice.—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts.—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions.—This subsection shall not apply—
(A) to any contact which the taxpayer has authorized,
(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.

(1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect.—For purposes of this subsection—
(A) In general.—A Justice Department referral is in effect with respect to any person if—
(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
(B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—
(i) the Attorney General notifies the Secretary, in writing, that—
(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
(III) he will discontinue such a grand jury investigation.
(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in subparagraph (A)(ii).

(3) Taxable years, etc., treated separately.—For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)—Gasoline used on farms; sec. 6421(g)(2)—Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)—Fuels not used for taxable purposes.

***** 

## Sec. 7603. Service of summons

(a) In general.—A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.—
(1) In general.—A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
(2) Third party recordkeeper.—For purposes of paragraph (1), the term third-party recordkeeper means—
(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));
(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
(C) any person extending credit through the use of credit cards or similar devices;
(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
(E) any attorney;
(F) any accountant;
(G) any barter exchange (as defined in section 6045(c)(3));
(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
(I) any enrolled agent; and
(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

---

## Sec. 7605. Time and place of examination

(a) Time and place.—The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

***** 

## Sec. 7610. Fees and costs for witnesses

(a) In general.—The Secretary shall by regulations establish the rates and conditions under which payment may be made of—
(1) fees and mileage to persons who are summoned to appear before the Secretary, and
(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.—No payment shall be made under paragraph (2) of subsection (a) if—
(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.—This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 10-2010)

## Sec. 7609. Special procedures for third-party summons.

(a) Notice--
(1) In general.--If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.  Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
(2) Sufficiency of notice.--Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned.  If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
(3) Nature of summons.--Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.--
(1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right intervene in any proceeding with respect to the enforcement of such summons under section 7604.
(2) Proceeding to quash.--
(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
(B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
(C) Intervention, etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.--
(1) In general.--Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7612.
(2) Exceptions.--This section shall not apply to any summons--
(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
(D) issued in aid of the collection of--
(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or
(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).
(E)-- (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or
(3) John Doe and Certain Other Summonses. -- Subsection (a) shall not apply to any summons described in subsection (f) or (f).
(4) Records.-- For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records.--No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--
(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.--
(1) Subsection (b) action.--If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
(2) Suspension after 6 months of service of summons.--In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period--
(A) beginning on the date which is 6 months after the service of such summons, and
(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons.--
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that--
(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.--
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc.--
(1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
(2) Special rule for proceedings under subsections (f) and (g).--The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party.--
(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
(2) Secretary may give summoned party certificate.--The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
(3) Protection for summoned party who discloses.--Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
(4) Notice of suspension of statute of limitations in the case of a John Doe summons.--In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required.--
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by section 7601 and 7602.

Form **2039** (Rev. 10-2010)

# EXHIBIT

# C

| Form **668-A(ICS)** | Department of the Treasury – Internal Revenue Service |
| (Rev. July. 2002) | **Notice of Levy** |

DATE: **11/06/2013**

REPLY TO: **Internal Revenue Service**

        **MANDALA R RIVEROS**

        **4050 ALPHA RD**

        **MS 5115 NDAL**

        **FARMERS BRANCH, TX 75244-4201000**

TELEPHONE NUMBER
OF IRS OFFICE: **(972)308-7868**

NAME AND ADDRESS OF TAXPAYER:

**John William Beakley, Jr.**

TO:   **Locke Lord LLP**

       **2200 Ross Avenue**

       **Dallas, TX 75201-6776**

IDENTIFYING NUMBER(S):

**BEAK**

THIS IS NOT A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 6672 | 12/31/2008 | $21,594.64 | $4,931.29 | $26,525.93. |
| 6672 | 12/31/2009 | $156,283.09 | $14,374.38 | $170,657.47 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ==============================> | **Total Amount Due** | $197,183.40 |
|---|---|---|

We figured the interest and late payment penalty to  **11/16/2013**

    The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

    **Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

    Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.).*
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **MANDALA R RIVEROS** | **REVENUE OFFICER** |

**Part 1 –**   For Addressee       Catalog No. 35389E    www.irs.gov       Form **668-A(ICS)** (7-2002)

**Excerpts from the Internal Revenue Code**

\* \* \* \* \* \* \* \* \* \* \*

## Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

## Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender any property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

## Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

## Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
(B) release of such levy will facilitate the collection of such liability,
(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.—
If—
(1) any property has been levied upon, and
(2) the Secretary determines that—
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,

the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \* \*

## Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (7-2002)

**RETURN PARTS 3A AND 3B WITH THE INFORMATION BELOW COMPLETED**

**Taxpayer Name:** John William Beakley, Jr.            **Identification number:** ▓▓▓▓▓▓▓▓

**SECTION 1. — Levy Acknowledgment**

Signature of person responding _____

Printed name of person responding _____

Your telephone number            (_____)_____

Date and time this levy received        _____

**SECTION 2. — Levy Results** *(Check all applicable boxes.)*

☐  Check attached in the amount of $_____

☐  No Funds

☐  No Account

☐  No Record

**SECTION 3. — Other Information** *(Please complete this section only if you are NOT sending us the total amount the taxpayer owes.)*

Taxpayer's latest address, if different
from the one on this levy: _____

_____

Taxpayer's telephone number: (_____)_____

Name and address of taxpayer's
employer, if different from addressee: _____

_____

Next date you will owe funds to the taxpayer: _____

_____

Other information you believe may help us: _____

_____

**Part 3b –**    Complete and return to IRS        Catalog No. 35389E        www.irs.gov        Form **668-A(ICS)** (7-2002)

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN W. BEAKLEY, JR.** | § | |
|    **PETITIONER** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES OF** | § | **CIVIL ACTION NO. 3:13-cv-4502** |
| **AMERICA, INTERNAL REVENUE** | § | |
| **SERVICE; IRS REVENUE OFFICER** | § | |
| **MANDELA R. RIVEROS;** AND | § | |
| **COLLECTION GROUP MANAGER** | § | |
| **RICHARD CHRISTIAN** | § | |
|    **RESPONDENTS** | § | |

## ORDER QUASHING ADMINISTRATIVE SUMMONS

The Court, having considered the merits of the Petition to Quash Administrative Summons (the "Petition"), along with the responses and arguments of counsel, finds the Petition is well taken and should be GRANTED.  It is therefore,

ORDERED, ADJUDGED AND DECREED that administrative summons issued to Jeremy C. Anderson of Jeremy C. Anderson, P.C. and George E. Bowles, of Locke Lord, LLP are hereby quashed.

SO ORDERED AND SIGNED this _____ day of _____, 201_.


_____
PRESIDING JUDGE
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN W. BEAKLEY, JR.** | § | |
| PETITIONER | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; IRS REVENUE OFFICER MANDELA R. RIVEROS;** AND **COLLECTION GROUP MANAGER RICHARD CHRISTIAN** | § § § § § § | **CIVIL ACTION NO. 3:13-CV-4502** |
| RESPONDENTS | § | |

---

## ORDER SETTING HEARING FOR PETITION
## TO QUASH ADMINISTRATIVE SUMMONS

---

The hearing for the Petition to Quash Administrative Summons is set for _____ __,

201_, in the United States District Court, Dallas, Texas.

SO ORDERED

Dated this _____ day of _____, 201_.


_____
PRESIDING JUDGE
UNITED STATES DISTRICT JUDGE