IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN W. BEAKLEY, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | No. 3:13-cv-4502-B-BN |
| THE UNITED STATES OF AMERICA, § | |
| INTERNAL REVENUE SERVICE; IRS § | |
| REVENUE OFFICER MANDALA R. § | |
| RIVEROS; and COLLECTION GROUP § | |
| MANAGER RICHARD CHRISTIAN, § | |
| § | |
| Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 6. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff John W. Beakley, Jr. ("Plaintiff" or "Beakley") filed a Petition to Quash ("Petition") two administrative summonses issued to third parties by Defendant Mandala R. Riveros ("Riveros"), an officer of the United States Internal Revenue Service ("IRS"). *See* Dkt. No. 1. Defendants filed a Motion to Dismiss Petition to Quash IRS Summonses for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. *See* Dkt. No. 4.

The summonses were delivered to Jeremy C. Anderson ("Anderson") and George

E. Bowles ("Bowles") and requested information regarding the potential settlement of a case in which Plaintiff was a party. *See* Dkt. No. 1 at ¶ 3. The summonses each contained form language instructing the recipients to produce materials "relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning [Beakley] for the periods shown." Dkt. No. 1, Exs. A & B.

Plaintiff's Petition alleges that, under 26 U.S.C. § 7609(a), the IRS was required to notify him that it had issued summonses to third parties in connection with his tax liability. *See* Dkt. No. 1 at ¶ 14. Plaintiff argues that the Court has jurisdiction to consider the matter because 26 U.S.C. § 7609(b)(2)(A) gives persons entitled to notification of a third-party summons the right to file a petition to quash such a summons. *See id.* at ¶ 4.

Defendants respond that 26 U.S.C. § 7609(c)(2)(D)(i) creates an exception to the notice requirement for third-party summonses issued in aid of collection of tax assessments and that Plaintiff was not entitled to receive notice – and therefore has no standing to file a petition to quash. *See* Dkt. No. 5 at 4. Defendants further contend that the United States has not waived its sovereign immunity with respect to the type of claims brought by Plaintiff and that the Court therefore lacks subject matter jurisdiction. *See id.* at 5. Plaintiff has not responded to the Defendants' motion to dismiss, and his time to do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(e).

The undersigned agrees with Defendants that the Court lacks subject matter jurisdiction and recommends that Defendant's Motion to Dismiss Plaintiff's Petition

to Quash be granted.

**Legal Standards**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus

the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523. On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

Ultimately, the Court will grant a motion to dismiss "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010; *see also Hinds v. Roper*, No. 3:07-cv-35-B, 2007 WL 3132277, at *2 (N.D. Tex. Oct. 25, 2007).

Defendants attached to their Motion to Dismiss a Declaration of Defendant Riveros, Dkt. No. 5, Ex. 1, as well as copies of the summonses, *id.*, Exs. A & B. Affidavits and testimony are the type of supplemental evidence that makes an attack on subject matter jurisdiction factual rather than facial. *See Paterson*, 644 F.2d at 523. While Riveros's statement that she "was not required to serve a copy of the summons

on Beakley" is a legal conclusion, her assertion that the summonses were issued "in furtherance of collection" of tax assessments against Plaintiff is a factual matter. Dkt. No. 5, Ex. 1; *see also Barmes v. United States*, 199 F.3d 386 (7th Cir. 1999) (per curiam) (considering an IRS agent's affidavit claiming that a summons was made in aid of collection in affirming the dismissal of a petition to quash).

Thus, the undersigned will treat Defendant's Rule 12(b)(1) motion as a factual attack, considering the Declaration of Riveros in addition to the pleadings.

## Analysis

26 U.S.C. § 7609(a) contains a general requirement that, "[i]f any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to . . .any person (other than the person summoned) who is identified in the summons," the person so identified must be served with notice and a copy of the summons. 26 U.S.C. § 7609(b)(2) grants persons entitled to such notice the ability to file a petition to quash a third-party summons. 26 U.S.C. § 7609(h)(1) vests the federal district court in which the person summoned resides with subject matter jurisdiction to hear a petition to quash under 7609(b)(2).

26 U.S.C. § 7609(c) defines the types of third-party summons to which the notice provision applies and contains exceptions to the notice requirement. One of these exceptions is "any summons issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(I). The United States has not waived sovereign

immunity with respect to petitions to quash third-party summonses in aid of collection, and district courts lack subject matter jurisdiction to hear such petitions brought by the assessed taxpayer. *See Trowbridge v. IRS*, No. 4:13-cv-1850, 2013 WL 6002205, at \*2-\*4 (S.D. Tex. Nov. 12, 2013)*; Tilley v. United States*, No. 3:03-cv-769-D, Dkt. No. 7 (N.D. Tex. July 21, 2003); *Barmes*, 199 F.3d at 389; *see also Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) (observing that "[c]ourts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity" and holding that no such waiver occurred where a 7609(c) exception applied) (citing *Barmes*, 199 F.3d at 388)).

A third party summons may be a summons in aid of collection within the meaning of Section 7609(c)(D)(i) even if it also "includes purposes other than aiding in the collection of an assessment." *Barmes*, 199 F.3d at 389. Here, Plaintiff has not come forward with anything to meet his burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction over his petition. Riveros's assertions in her Declaration that the summonses were issued in furtherance of collection of tax assessments against Plaintiff are unchallenged and uncontroverted. *See* Dkt. No. 5, Ex. 1. Indeed, Plaintiff's own petition attaches a copy of a notice of tax levy on Plaintiff that is consistent with Defendants' position that they are engaged in the collection of tax assessments against Plaintiff. *See* Dkt. No. 1, Ex. C. Moreover, many of Plaintiff's arguments to quash the summonses implicitly acknowledge that Defendants are seeking to impose or enforce a tax levy against Plaintiff. *See* Dkt. No. 1.

The undersigned finds that Defendants have established that the summonses in this case fall within the notice exception of Section 7609(c)(2)(D)(i) and that the Court therefore lacks subject matter jurisdiction.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Petition to Quash should be granted.

## Recommendation

Defendants' Motion to Dismiss Plaintiff's Petition to Quash [Dkt. No. 4] should be granted. Plaintiff's Petition to Quash [Dkt. No. 1] the administrative summonses should be dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE